UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GERALD JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-1390 |
| | ) | |
| KELLY RENZI, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center brought the present lawsuit pursuant to 42 U.S.C. § 1983. The Court previously granted Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 3) in its Text Order entered August 28, 2017. For the reasons discussed below, the Court vacates its previous order granting Plaintiff's petition, and Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 3) is denied.

Title 28 U.S.C. § 1915(g) provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Plaintiff has, on three or more occasions, accumulated strikes under Section 1915(g). *See Jones v. French*, No. 13-CV-1556, ECF No. 6, fn 1 (C.D. Ill., filed Nov. 22, 2013) (listing Plaintiff's three strikes).

Accordingly, Plaintiff may only proceed only if he alleges he is under imminent danger of serious physical injury. The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is

real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  The second prong, danger, must be of "serious physical injury."  28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff filed the Complaint on August 25, 2017.  Plaintiff alleges that Defendants have created inhumane conditions of confinement over the past 20 years that include failing to protect inmates from other inmates who throw feces while in the yard, creating excessive noise, tampering with mail, failing to provide medical and mental health treatment, and the use of excessively tight restraints.  Plaintiff also alleges that Defendants have retaliated against him for filing grievances.

Most of the events Plaintiff alleges occurred in 2016 or before.  The only allegations of recent events contained in the Complaint are: (1) May 2017 allegations of an improper cell shakedown and use of excessive force; and (2) July 2017 allegations that prison officials stole Plaintiff's legal property, used excessive force, and refused to provide medical care for a wound that later healed on its own.

The most recent events Plaintiff alleges occurred approximately one month prior the filing of his Complaint and none of the allegations suggest Plaintiff is in imminent danger of substantial physical injury.  The Court finds that Plaintiff does not satisfy the requirements of the imminent danger exception to 28 U.S.C. § 1915(g).  Pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court finds that its Text Order entered August 28, 2017, granting Plaintiff leave to proceed in forma pauperis was made in error and the text order is therefore vacated.  *See*

Fed. R. Civ. P. 60(a) (court may, on its own motion, correct an error or omission when one is found in the record). Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 3) is denied.

**IT IS THEREFORE ORDERED:**

1) **The Court's Text Order entered August 28, 2017 is VACATED.**

2) **Plaintiff's Petition to Proceed in forma pauperis [3] is DENIED. Plaintiff shall, within 21 days of this Order, pay the $400.00 filing fee in full. Failure to do so will result in dismissal of this case without prejudice.**

Entered this 6th day of October, 2017.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE